# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ROBERT D. BAYSE,

        Plaintiff,

v.

WARDEN A. HOLT et al.,

        Defendants.

1:17-cv-962-WSD-LTW

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation [6] ("R&R"), recommending under 28 U.S.C. § 1915A that Plaintiff's retaliation claims against Defendants Warden A. Holt and Arthur Chaney be allowed to proceed, Plaintiff's claim of deliberate indifference to medical needs be dismissed without prejudice, and all of Plaintiff's remaining claims and all Defendants be dismissed. Also before the Court are Plaintiff Robert D. Bayse's[1] ("Plaintiff") Objections [8] to the R&R.

---

[1] Because Plaintiff alleges that she is a transgender female and uses female pronouns to refer to herself, the Court will use those pronouns as well.

**I. BACKGROUND**

On March 15, 2017, Plaintiff, a state prisoner, filed her *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] ("Complaint"), alleging violations of her constitutional rights by a number of correctional officers and the prison warden while she was confined at Phillips State Prison ("Phillips"). Plaintiff alleges that (1) Defendants Sanford and Dozier exercised deliberate indifference toward her medical need for gender reassignment surgery for her gender dysphoria; (2) Defendant B. Brown engaged in derogatory statements and harmful actions toward Plaintiff amounting to excessive force, harassment, and retaliation; (3) Defendants Holt and Chaney retaliated against her for complaining to Phillips officials and external agencies about their mistreatment of her; and (4) Defendant Holt generally failed to protect her in 2016 from Defendant Chaney and others. (Compl. at 3-4, 6-11).

On May 25, 2017, the Magistrate Judge screened Plaintiff's Complaint and issued her R&R, recommending that this action be allowed to proceed in part and dismissed in part under 28 U.S.C. § 1915A. On June 19, 2017, Plaintiff filed her Objections to the R&R. While difficult to evaluate, the Court concludes that Plaintiff reiterates, as objections, (1) her claim for deliberate indifference relating to her need for gender reassignment surgery (Obj. at 2-5); and (2) her claims

against Defendant B. Brown for his alleged derogatory statements and harmful actions (Obj. at 1-2). The Court considers these as Plaintiff's objections to the Magistrate Judge's findings and recommendations on Plaintiff's deliberate indifference and derogatory statements and harmful actions claims.

## II. LEGAL STANDARDS

### A. Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff filed her Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.

See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

    B.    Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

## III. DISCUSSION

The Court first considers, on *de novo* review, whether (1) Plaintiff's deliberate indifference claim or (2) Plaintiff's claims relating to Defendant B. Brown's various alleged derogatory statements and harmful actions are viable claims under 42 U.S.C. § 1983. The Court, in the absence of an objection, reviews the remainder of the R&R for plain error.

### A. <u>Deliberate Indifference Claim</u>

Plaintiff first argues that Defendants Sanford and Dozier acted with deliberate indifference toward her request for gender reassignment surgery for her gender dysphoria. (Compl. at 7-8, 10). Upon arrival at Phillips in June 2016, Plaintiff requested treatment for gender dysphoria. (<u>Id.</u>). Defendant Sanford, a prison physician, refused to see her, and physician Weaver, Phillips' clinical director, told her that no one at Phillips knew about treating gender dysphoria. (<u>Id</u>). Plaintiff alleges Defendant Dozier has not responded to any of her grievance filings, including those demanding treatment for gender dysphoria. (Compl. at 8). Plaintiff alleges that she has been repeatedly told that gender reassignment surgery is not permitted under Georgia Department of Corrections ("GA DOC") policy. (Obj. at 3). Plaintiff is receiving hormone therapy. (Compl. at 8). Plaintiff claims

5

she has attempted self-castration twice as a result of Defendants' alleged deliberate indifference to her gender dysphoria treatment requests. (Obj. at 4).

To state a claim for deliberate indifference to a serious medical need, a prisoner must first allege facts establishing a serious medical need. In this Circuit, a serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Melton v. Abston, 841 F.3d 1207, 1221-22 (11th Cir. 2016) (internal citation and quotation marks omitted). In other words, the serious medical need "must be one that, if left unattended, poses a substantial risk of serious harm." Id. To allege deliberate indifference to a serious medical need, Plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Id. at 1223.

Plaintiff fails to sufficiently allege a claim of deliberate indifference to a serious medical need. As she admits in her Complaint, Plaintiff is currently receiving care in the form of hormone therapy for her alleged gender dysphoria. (Compl. at 8). Plaintiff thus cannot claim Defendants Sanford or Dozier, or any other jail official, have acted with deliberate indifference to that need. Simply because Plaintiff would *prefer* another course of treatment—one which is not

alleged to be medically necessary—does not mean that Defendants have acted with deliberate indifference toward Plaintiff's medical needs.

The Court, upon *de novo* review, overrules Plaintiff's objection to the Magistrate Judge's findings and recommendation to dismiss, without prejudice, Plaintiff's claim of deliberate indifference to her medical needs.

B.     Claims Against Defendant B. Brown

Plaintiff next argues that Defendant B. Brown's alleged derogatory comments, tightening of handcuffs, and forcible removal and disposal of Plaintiff's toe rings and anklet amounted to harassment, excessive force, and retaliation.

On June 14, 2016, Plaintiff was transferred to Phillips. (Compl. at 3). Upon arrival, Plaintiff informed Defendant B. Brown that she was a transgender female. (Id.). While filling out a witness statement form, Defendant B. Brown approached Plaintiff and informed those around her that Plaintiff was in fact a man. (Compl. at 4). While taking Plaintiff to her housing unit, Defendant B. Brown and another officer continued to tell Plaintiff that she was a man because she had a penis and called her "faggot." (Id.). Plaintiff allegedly filed a Prison Rape Elimination Act ("PREA") complaint the same day regarding Defendant B. Brown's derogatory statements. (Id.). On June 16, 2016, Defendant B. Brown purportedly placed handcuffs on Plaintiff "so tightly that Plaintiff's hands started to hurt" while being

7

escorted from her cell to the intake department. (Compl. at 4, 6). On September 12, 2016, while Plaintiff was being moved to another cell, Defendant B. Brown allegedly forcibly removed Plaintiff's toe rings and anklet and flushed them down the toilet. (Compl. at 6).

First, Plaintiff's claim relating to Defendant B. Brown's derogatory statements is not viable under § 1983 because verbal, non-physical harassment is not actionable under § 1983. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."); see also, Edwards v. Gilbert, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) ("[A] petitioner must allege more than that he has been subjected to verbal taunts . . . [h]owever distressing in order to make a claim that jailers have . . . deprived the petitioner of his constitutional rights."); Balark v. Cobb County Adult Detention Center, No. 1:13-cv-617-TWT, 2013 WL 2445208, at *3 (N.D. Ga. June 5, 2013) (adopting Magistrate's recommendation to dismiss complaint where plaintiff failed to allege physical injury or a sexual act in connection with his mental and emotional injuries). Because Plaintiff does not allege any physical injury or sexual

act in connection with the derogatory comments made by Defendant B. Brown, her derogatory comments claim is dismissed pursuant to 28 U.S.C. § 1915A.

Second, Plaintiff's claim relating to harmful handcuffing is not viable under § 1983. This Circuit has held that painful handcuffing, alone, does not constitute excessive force. See Rodriguez v. Farrell, 280 F.3d 1341, 1351-52 (11th Cir. 2002); Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000) ("From the foregoing cases, we conclude this Circuit has established the principle that the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment."); Gold v. City of Miami, 121 F.3d 1442, 1446-47 (11th Cir. 1997) (holding handcuffing was not unlawful use of force where the plaintiff "experienced pain from the handcuffs for roughly twenty minutes and [] suffered only skin abrasions for which he did not seek medical treatment"). Plaintiff's assertion that her hands hurt from the handcuffs, without more, is insufficient to establish a claim for excessive force, and it is thus dismissed pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff's allegation relating to Defendant B. Brown's forcible removal and disposal of her toe rings and anklet is insufficient to allege a § 1983 claim. The intentional deprivation of an individual's personal property is not actionable under § 1983 if a meaningful post-deprivation remedy is available under

state law.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Mines v. Barber, 601 Fed. App'x 838, 840 (11th Cir. 2015) ("We have long explained that seizure of an individual's property does not give rise under § 1983 'if a meaningful post-deprivation remedy for the loss is available.'") (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991)).  Plaintiff can pursue recourse by asserting an action under O.C.G.A. §§ 51-10-1 through 51-10-6 for loss of her property. ("The owner of personalty is entitled to its possession.  Any deprivation of such possession is a tort for which an action lies.").  Plaintiff's allegation relating to the alleged forcible removal and disposal of her toe rings and anklet is dismissed pursuant to 28 U.S.C. § 1915A.

To the extent Plaintiff argues that Defendant B. Brown's actions constituted retaliation for engaging in protected speech, she fails to state a viable claim.  To state such a claim, Plaintiff must allege facts plausibly showing that "(1) [she] engaged in constitutionally protected conduct; (2) the defendant's retaliatory act adversely affected the protected conduct; and (3) there is a causal connection between the retaliatory act and the adverse effect on the conduct."  Smith v. Florida Dep't of Correction, 713 F.3d 1059, 1063 (11th Cir. 2013); see also, Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).  The Court is not persuaded that Plaintiff's alleged painful handcuffing or alleged forcible removal of her toe rings

and anklet caused her to suffer an adverse action such that it would deter a person of ordinary firmness from engaging in protected speech or action.

The Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's claims against Defendant B. Brown under 28 U.S.C. § 1915A.

C. <u>Portions of the R&R to Which An Objection Not Asserted</u>

Plaintiff does not object to the remainder of the R&R, and the Court reviews the remainder of the R&R for plain error. See <u>Slay</u>, 714 F.2d at 1095.

Plaintiff's remaining claims relate to Defendants Holt and Chaney's alleged retaliation against Plaintiff for engaging in protected speech and Defendant Holt's general failure to protect Plaintiff in 2016 from Defendant Chaney and others. (Compl. at 8-10).

The Magistrate Judge found that Plaintiff's claim against Defendants Holt and Chaney for alleged retaliation should be allowed to proceed. The Magistrate Judge concluded that removal of Plaintiff's legal materials and means for writing complaints, disposal of those items, requiring Plaintiff to write any complaints in the presence of a counselor and get approval prior to sending them, and prohibiting Plaintiff from using the phone to call the PREA hotline constituted adverse acts that would deter a prisoner of ordinary firmness from making the complaints Plaintiff was seeking to make. (R&R at 8). The Magistrate Judge also concluded

there was a causal connection between this conduct and Plaintiff's speech. (R&R at 9). The Court finds no plain error in this finding and recommendation, and Plaintiff's complaint as to the alleged retaliation by Defendants Holt and Chaney is allowed to proceed. See Slay, 714 F.2d at 1095.

The Magistrate Judge also found that "Plaintiff's general complaint that Defendant Holt failed to protect her in 2016 from Defendant Chaney and others with whom she had trouble five years earlier [did] not state a viable claim." (R&R at 10). The Magistrate Judge concluded Plaintiff failed to sufficiently allege that "Holt knew of a substantial risk of harm to Plaintiff's safety from any Phillips official." (R&R at 11). The Magistrate Judge further concluded that even if Holt was aware, Plaintiff's allegations failed to support a "plausible finding that Plaintiff faced a substantial risk of harm upon her return to Phillips in 2016, as opposed to name-calling and verbal harassment." (R&R at 11). The Court finds no plain error in this conclusion, and agrees with the Magistrate Judge's recommendation that Plaintiff's claim relating to Defendant Holt's failure to protect be dismissed under 28 U.S.C. § 1915A.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Non-Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the Magistrate Judge's Non-Final Report and Recommendation [8] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's retaliation claims against Defendants Warden A. Holt and Arthur Chaney be **ALLOWED TO PROCEED.**

**IT IS FURTHER ORDERED** that Plaintiff's claim of deliberate indifference to medical needs be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's remaining claims and all remaining Defendants be **DISMISSED**.

**SO ORDERED** this 7th day of September, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE